IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

**PIERRE CARTER** *Individually*

    Plaintiff,

    v.                          Case No. _____

**HUFFMASTER CRISIS RESPONSE LLC**

                              **FLSA 216(b) Action**
                              **RULE 23 Class Action**
                              **JURY DEMANDED**

    Defendant

---

## ORIGINAL FLSA AND BREACH OF CONTRACT COMPLAINT

---

Plaintiff, Pierre Carter ("Plaintiff"), brings this Fair Labor Standards Act ("FLSA") and Breach of Contract action against Huffmaster Crisis Response LLC ("Defendant) and states as follows:

### I.    NATURE OF SUIT

1. The FLSA was passed by Congress in 1938 to eliminate low wages and long hours and to correct conditions that were detrimental to the health and well-being of workers. To achieve its humanitarian goals, the FLSA "limits to 40 a week the number of hours that an employer may employ any of his employees subject to the Act, unless the employee receives compensation for his employment in excess of 40 hours at a rate not less than one and one-half times the regular rate at which he is employed." *Walling v.*

1

*Helmerich & Payne,* 323 U.S. 37, 40 (1944) (discussing the requirements of 29 U.S.C. § 207 (a)).

2. This lawsuit is brought against Defendant under the FLSA, 29 U.S.C. § 201, *et seq.,* to recover the applicable FLSA minimum wage and overtime compensation rates of pay owed to Plaintiff during all times material.

3. Plaintiff also brings individual state law claims for breach of contract and unjust enrichment under Tennessee common law.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b), as the claims arise under the Fair Labor Standards Act ("FLSA"), a federal statute. Plaintiff seeks unpaid wages, liquidated damages, and attorney's fees and costs pursuant to the FLSA.

5. This Court has supplemental jurisdiction over Plaintiff's related state law claims for breach of contract and unjust enrichment under 28 U.S.C. § 1367(a), because those claims arise out of the same facts and circumstances as Plaintiff's FLSA claim and form part of the same case or controversy under Article III of the United States Constitution.

6. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1) and (c)(2) because Defendant is registered to do business in Tennessee, maintains a registered agent in the state, and is subject to personal jurisdiction in this District. Although the events giving rise to the claims occurred in California, Defendant is deemed to reside in this District for venue purposes.

## II. PARTIES

7. Plaintiff, Pierre Carter, is an adult citizen of the United States and was employed as a security guard by Defendant during all times relevant to this action.

8. Defendant, Huffmaster Crisis Response LLC, is a Tennessee limited liability company with its headquarters located at 1055 W. Maple Road, Clawson, Tennessee 48017-1052. Defendant's registered agent for service of process is: Registered Agent Solutions, Inc., 992 Davidson Drive, Suite B, Nashville, TN 37205.

## III. COVERAGE

9. Defendant has been the "employer" of Plaintiff within the meaning of 29 U.S.C. § 203(d) of the FLSA during all times material to this action.

10. During all time material, Defendant has earned more than $500,000.00 per year in gross sales.

11. Defendant has employed two or more employees who handled goods, materials and supplies that travelled in interstate commerce during all times material.

12. In addition, Plaintiff has also engaged in interstate commerce on behalf of Defendant during all times material.

13. Therefore, Defendant is an enterprise covered by the FLSA, and as defined by 29 U.S.C. §203(r) and 203(s).

## IV. FACTUAL ALLEGATIONS

14. Defendant provides security services and staffing for companies and businesses confronted with labor strikes throughout the United States.

15. Plaintiff was employed as security guards for Defendant and deployed by Defendant to different locations across the United States to provide security services to its customers

that are/were being subjected to labor strikes.

16. Plaintiff worked for Defendant for more than 40 hours per week within weekly pay periods during all times material to this Complaint.

17. However, Defendant has had a common policy and practice of failing to pay Plaintiff the applicable FLSA minimum wage (straight time) and overtime compensation rates of pay for all hours worked within weekly pay periods during all times material herein.

18. Although Defendant paid the cost of air travel for Plaintiff when it deployed him from his local residence to different locations across the United States to provide security services to its customers subjected to labor strikes, it failed to compensate him for the time he was in in flight (or in between flights) up to eight hours per day at the applicable straight time and overtime compensation rates of pay within weekly pay periods during all times material.

19. Similarly, even though Defendant reimbursed Plaintiff for his vehicle expense when driving his personal or rented vehicles from his local residence to different locations across the United States to which he was deployed to provide security service to its customers subjected to labor strikes Defendant failed to compensate him for such travel time up to eight hours per day at the applicable straight time and overtime compensation rates of pay within weekly pay periods during all times material.

20. Defendant knew, and was aware at all relevant times, it was not compensating Plaintiff for all his compensable hours at the applicable FLSA minimum (straight time) wage and overtime compensation rates of pay within weekly pay periods during all times material.

21. Defendant willfully and, with reckless disregard to established FLSA compensation requirements, failed to pay Plaintiff the applicable FLSA minimum (straight) wage and

overtime compensation rates of pay owed to him within weekly pay periods during all times relevant herein.

22. Defendant does not have a good faith basis for its violations of the FLSA.

23. Defendant failed to keep timely and accurate pay records of Plaintiff as is required by the FLSA.

24. As a result of Defendant's willful failure to pay Plaintiff in compliance with the applicable FLSA minimum (straight time) wage and overtime compensation requirements of the FLSA, they have suffered lost compensable wages as well as other damages.

25. Defendant's scheme of failing to compensate Plaintiff for all his compensable minimum (straight time) wage and overtime compensation was to save payroll costs and payroll taxes, all for which it has unjustly enriched itself and enjoyed ill gained profits at the expense of Plaintiff.

## **BREACH OF CONTRACT CLAIMS**

26. Defendant offered Plaintiff a standard written contract on multiple occasions that:

    (a) Promised Plaintiff a specific hourly rate of pay for all work performed on its behalf;

    (b) Guaranteed Plaintiff a specific minimum number of hours for "deployment" if a Defendant's client decided it no longer needed their security services; and

    (c) Guaranteed Plaintiff a "full work week" of pay if their security assignment began, ended or they were released in a mid-work week.

27. Plaintiff accepted the terms and conditions of the contracts and met all its terms and conditions. (A copy of such contract is attached as *Exhibit B*.)

## PROMISED HOURLY RATES OF PAY

28. Plaintiff was promised a specific hourly rate of pay for all work performed on behalf of Defendant - as covered in the introductory part of the aforementioned contract (hereinafter "The Contract".

29. Plaintiff accepted Defendant's offer by meeting the terms and conditions of "The Contracts".

30. However, Defendant failed to pay Plaintiff for all his compensable time at the promised hourly rates of pay within weekly pay periods during all times material.

31. Defendant thereby breached its contractual obligations to Plaintiff by failing to pay them for all their compensable time at the promised hourly rates of pay and is liable to him for such breaches.

32. Moreover, Defendant unjustly enriched itself by its failure to pay Plaintiff for all his compensable time at the promised hourly rates of pay during all times material and is liable to them for such unjust enrichment.

## GUARANTEED "DEPLOYMENT" COMPENSATION

33. On multiple occasions Defendant promised Plaintiff he would be paid a "deployment" guarantee for a specified number of hours at a certain hourly rate of pay if a Defendant's client decided it no longer needed their security services after their deployment – as guaranteed in Paragraph 1 of "The Contracts",

34. Plaintiff met all the terms and conditions of the "deployment" guarantee.

35. However, Defendant failed to pay Plaintiff for his guaranteed "deployment" hours within weekly periods when Defendant's clients decided they no longer needed their security services.

36. Defendant therefore breached its contractual obligation to Plaintiff regarding such "deployment" guarantees and is liable to them for such breaches.

37. Moreover, on information and belief, Defendant's contract with its clients contained a provision that included "deployment" compensation for the benefit of Plaintiff.

38. However, instead of paying Plaintiff the "deployment compensation" designated for them, Defendant kept such compensation for itself and unjustly enriched itself.

39. Defendant therefore is liable to Plaintiff for such unjust enrichment.

### GUARANTEED "FULL WORK WEEK" COMPENSATION

40. Also, on multiple occasions Defendant promised Plaintiff a "full work week" guarantee for a specific numbers of hours per week should their assignment begin, end, or if they were released from work in a mid-work week – as guaranteed in Paragraph 2 of "The Contracts",

41. Plaintiff met all the terms and conditions of Defendant's "full work week" guarantee.

42. However, Defendant failed to pay Plaintiff compensation for the "full work week" guarantee at their hourly rates of pay for weeks in which full work weeks were unavailable.

43. Defendant therefore breached its contractual obligation to Plaintiff regarding such "full week work" guarantees and is liable to him for such breaches.

44. Moreover, on information and belief, Defendant's contract with its clients contained provisions that included "full week work" compensation for the benefit of Plaintiff.

45. However, instead of paying Plaintiff the compensation designated for him, it kept such compensation for itself.

46. Defendant therefore unjustly enriched itself by keeping the "full work week"

7

compensation designated for Plaintiff.

47. Defendant therefore is liable to Plaintiff for such unjust enrichment.

## COUNT I
## FLSA VIOLATIONS

48. Plaintiff incorporates by reference all preceding paragraphs as fully as if rewritten herein.

49. Defendant is subject to the FLSA, as noted previously.

50. Plaintiff hase been covered by the FLSA during all times material.

51. As previously described, Defendant failed to pay compensable travel time to at the applicable FLSA minimum (straight time) and overtime compensation rates of pay within weekly pay periods during all times material to this action.

52. Defendant therefore is liable to Plaintiff for such unpaid travel time within weekly pay periods at the applicable FLSA minimum (straight time) wage and overtime compensation rates of pay during all times material.

53. Also, as previously described, Defendant "spread" the wages of Plaintiff from correct weekly pay periods into subsequent weekly pay periods.

54. Defendant therefore is liable to Plaintiff for his unpaid wages owed in the correct weekly pay periods in which they were not paid at the applicable FLSA minimum (straight time) wage and overtime compensation rates of pay during all times material herein.

55. Pursuant to 29 C.F.R. § 778.315, compensation for hours worked in excess of forty (40) hours per week may not be considered paid to an employee unless that employee is compensated for all such overtime hours worked.

56. Defendant's failure to pay Plaintiff all hours worked within weekly pay periods at

the applicable FLSA minimum wage and overtime compensation rates of pay violated the FLSA.

57. Defendant has had actual knowledge of its failure to pay Plaintiff all the applicable FLSA minimum (straight time) wages and overtime compensation to which he is entitled.

58. Defendant's conduct, as described herein, was willful with reckless disregard to clearly established FLSA compensation requirements.

59. Defendant's violations were without a good faith basis.

60. Plaintiff is therefore entitled, and hereby seek, to recover compensation from Defendant: unpaid minimum (straight time) wages and overtime compensation as required by the FLSA, and an additional amount as liquidated damages, together with interest, costs, and reasonable attorney's fees.

## COUNT II
## BREACH OF CONTRACT

61. Plaintiff incorporates by reference all the preceding paragraphs as if fully rewritten herein.

62. Plaintiff asserts a breach of unilateral contract claim because Defendant entered into valid and enforceable wage contracts with him (pursuant to Tennessee common law) by promising a specific hourly rate of pay for all hours worked, as previously described.

63. Defendant breached such contract with Plaintiff by failing to pay the promised hourly rates of pay for all hours worked, as previously described.

64. Defendant also asserts a breach of contract claim because Defendant entered in to valid and enforceable wage contract with him (pursuant to Tennessee common law)

by promising them a "deployment" contract, as previously described.

65. Defendant breached such contract with Plaintiff and failing to pay him the "deployment" compensation.

66. In addition, Defendant asserts a breach of contract claim because Defendant entered in to valid and enforceable wage contract with him (pursuant to Tennessee common law) by promising them a "full work week" contract, as previously described.

67. Defendant breached such contract with Plaintiff by failing to pay him the "full work week" compensation.

68. Defendant has been aware it failed to pay Plaintiff all the wages owed him under the said unilateral contracts.

## COUNT III
## UNJUST ENRICHMENT CLAIM

69. Plaintiff incorporates by reference all the preceding paragraphs as if fully rewritten herein.

70. Plaintiff asserts an unjust enrichment claim under Tennessee common law on the basis that Defendant failed to pay Plaintiff a specific hourly rate of pay for all hours worked, as previously described.

71. Defendant unjustly enriched itself by its failure to pay Plaintiff specific hourly rates of pay as promised.

72. Plaintiff asserts an unjust enrichment claim under Tennessee common law on the basis that Defendant failed to pay Plaintiff "deployment" compensation, as previously described.

73. Defendant unjustly enriched itself by its failure to pay Plaintiff "deployment" compensation as guaranteed.

74. Plaintiff asserts an unjust enrichment claim under Tennessee common law on the basis that Defendant failed to pay Plaintiff "full work week" compensation, as previously described.

75. Defendant unjustly enriched itself by its failure to pay Plaintiff "full work week" compensation as guaranteed.

76. Defendant was aware it failed to pay all the compensation owed to him.

77. Defendant's failure to pay Plaintiff all the compensation promised made it inequitable.

## **PRAYER FOR RELIEF**

Whereas, Plaintiff requests this Court to grant the following relief against Defendant:

A. On Count I, award Plaintiff all his unpaid overtime compensation against Defendant;

B. On Count I, award Plaintiff liquidated damages in accordance with the FLSA against Defendant;

C. On Count I, award prejudgment interest (to the extent that liquidated damages are not awarded);

D. On Count I, award Plaintiff post-judgment interest and court costs as allowed by law;

E. On Count I, find and declare Defendant's violations of the FLSA were willful, and accordingly, apply the three (3) year statute of limitations under the FLSA to this action;

F. On Count I, award Plaintiff reasonable attorney's fees and all costs of this action, to be paid by Defendant, in accordance with the FLSA;

G. On Count II, award damages to Plaintiff for Defendant's breach of contract.

H. On Count III. award damages to Plaintiff for Defendant's unjust enrichment.

I.  On Count II and III, an award of prejudgment and post-judgment interest at the applicable legal rate to Plaintiff;

J.  Such other general and specific relief as this Court deems just and proper.

**JURY TRIAL DEMAND**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a **TRIAL BY JURY** on all issues so triable.

July, 10 2025                               Respectfully Submitted

                                          *s/J. Russ Bryant*
Gordon E. Jackson (TN BPR #8323)
J. Russ Bryant (TN BPR #33830)
J. Joseph Leatherwood IV (TN BPR #39490)
Joshua Autry (TN BRP #041423)
Cooper Mays (TN BRP #042347)
**JACKSON, SHIELDS, HOLT, OWEN & BRYANT**
Attorneys at Law
262 German Oak Drive
Memphis, Tennessee 38018
Telephone: (901) 754-8001
Facsimile: (901) 754-8524
gjackson@jsyc.com
rbryant@jsyc.com
jleatherwood @jsyc.com
jautry@jsyc.com
cmays@jsyc.com

***ATTORNEYS FOR PLAINTIFF***